UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JULIE A. REDDY<br>    *Plaintiffs* | )<br>)<br>) |
| v. | )<br>) |
| UBER TECHNOLOGIES, INC. and<br>JESSICA LEANNE CHIPMAN<br>    *Defendants* | )<br>)<br>)<br>) |

### **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Uber Technologies, Inc. ("Uber" or "Defendant") hereby give notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Norfolk County, captioned *Julie A. Reddy vs. Uber Technologies, Inc. et al.,* Civil Docket No. 2282CV00557, to the United States District Court for the District of Massachusetts. As grounds for removal, Defendant states as follows:

  1.  Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about June 14, 2022, Plaintiff Julie A. Reddy ("Plaintiff") filed a complaint ("Complaint") in the Massachusetts Superior Court for Norfolk County naming Uber as a defendant, among others. Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. Plaintiff alleges in her Complaint that she sustained injuries on June 21, 2019, when the motor vehicle being operated by defendant Jessica L. Chipman ("Chipman"), who Plaintiffs allege was an agent or employee of the Defendant, struck and hit the Plaintiff as she was walking across the road. *Id.*, p. 9.

4. Plaintiff alleges that she suffered damages including extensive personal injuries, permanent facial scarring, medical expenses, lost wages, loss of earning capacity, loss of enjoyment of life, and pain and suffering. *Id.*, p. 13.

## TIMELINESS OF REMOVAL

5. Defendant was served with Plaintiff's Complaint on or about June 24, 2022.

6. This Notice of Removal is timely because it is filed within 30 days after the receipt by Defendant, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different State from Plaintiff. *See* 28 U.S.C. § 1332(a).

8. Plaintiff alleges that she is an individual, residing in Greenville, Rhode Island. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiff is a citizen of Rhode Island.

9. At the time of the filing of the Complaint, Uber was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Uber is a citizen of Delaware and California.

11. Plaintiff alleges that the defendant Chipman resides in the Commonwealth of Massachusetts. However, upon information and belief, Chipman has not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). But the statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-707 (2d Cir. 2019); s*ee also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

12. There is complete diversity between Plaintiff and Defendant, who have been properly joined and served, because Plaintiff and Defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to her Complaint, Plaintiff "suffered damages including but not limited to extensive personal injuries, permanent facial scarring, medical expenses, lost wages, loss of earning capacity, loss of enjoyment of life, pain and suffering, and other recoverable damages."

14. Plaintiff's Civil Action Cover Sheet contains detailed itemizations of Plaintiff's claimed damages in excess of $164,000. Specifically, Plaintiff's medical expenses are allegedly in excess of $99,000 and her lost wages are allegedly in excess of $25,000. Thus, it is apparent from the Complaint and the Civil Action Cover Sheet that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings and orders that have been filed, served or received by Defendants in this action as **Exhibit B**.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Norfolk County.

18. Defendant will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Norfolk County, as required by 28 U.S.C. § 1446(d).

19. In removing this action, Defendant does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

20. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Uber Technologies, Inc. respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

Respectfully submitted by,
Defendant
UBER TECHNOLOGIES, INC.
By their attorneys,

*/s/ Andro S. Hannoush*

_____
Christopher G. Betke, BBO# 552588
Andro S. Hannoush, BBO# 706657
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
cbetke@coughlinbetke.com
ahannoush@coughlinbetke.com

Dated: June 27, 2022

**CERTIFICATE OF SERVICE**

      I, Andro S. Hannoush, hereby certify that on June 27, 2022, the foregoing Notice of Removal was filed electronically and served by electronic mail upon the parties listed below. Notice of the filing will be sent by email to all by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's ECF system.

William P. Devereaux
Matthre C. Reeber
1301 Atwood Avenue, Suite 215N
Johnston, Rhode Island 02919
wdevereaux@pldolaw.com
mreeber@pldolaw.com

                                                */s/ Andro S. Hannoush*
                                                Andro S. Hannoush, Esq.