## COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| NORFOLK, ss | | SUPERIOR COURT |
| JULIE A. REDDY, *Plaintiff,* | : : : : | 2282cv00557 |
| v. | : : | |
| UBER TECHNOLOGIES, INC. and JESSICA LEANNE CHIPMAN *Defendants.* | : : : | |

### COMPLAINT

Plaintiff Julie A. Reddy ("Plaintiff") brings this action for negligence against Defendants Uber Technologies, Inc. ("Uber") and Jessica Leanne Chipman ("Chipman") (together "Defendants").

### PARTIES

1. Plaintiff is a resident of Greenville, Rhode Island.

2. Upon information and belief, Chipman is a resident of Chartley, Massachusetts.

3. During all times relevant hereto, Chipman was a driver employed by Uber.

4. Upon information and belief, Uber is a Delaware corporation with a principal place of business located at 1455 Market Street, 4th Floor, San Francisco, California.

5. Upon information and belief, Uber is registered to conduct business in the Commonwealth of Massachusetts as a foreign corporation and at all times relevant hereto operated and maintained a ride-for-hire service company in Massachusetts.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to Mass. Ann. Laws ch. 223A, §3.

7. This Court has jurisdiction over Uber because, pursuant to Mass. Ann. Laws ch. 223A, §3, Plaintiff's cause of action arises in part from Uber's transacting of business in the Commonwealth of Massachusetts, contracting to supply services or things in the Commonwealth of Massachusetts, and causing tortious injury by an act or omission in the Commonwealth of Massachusetts.

8. This incident occurred in Foxboro, Massachusetts and, therefore, venue is proper in this county pursuant to Mass. Ann. Laws ch. 223, §7.

## FACTS

9. On June 21, 2019 at approximately 11:30 p.m., Chipman was operating her vehicle in a northbound direction on Route 1 in Foxboro, Massachusetts when she struck and hit Plaintiff, who was walking across the road.

10. At all times relevant hereto, Chipman was working as an agent, employee, and/or contractor of Uber and was, upon information and belief, in the process of picking up an Uber passenger.

11. At all times relevant hereto, Plaintiff was in the exercise of due care.

12. Plaintiff was subsequently transported to Rhode Island Hospital for treatment for multiple injuries, fractures, cuts, and bruises.

13. As a direct and proximate result of the accident, Plaintiff suffered damages including but not limited to extensive personal injuries, permanent facial scarring, medical expenses, lost wages, loss of earning capacity, loss of enjoyment of life, pain and suffering, and other recoverable damages.

## COUNT I
### (Negligence against Chipman)

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint as if fully set out herein.

15. Chipman owed a duty of reasonable care to Plaintiff.

16. Chipman breached this duty by driving in an unsafe manner and failing to keep proper attention on roadway.

17. As a direct and proximate result of Chipman' negligence, Plaintiff sustained damages.

## COUNT II
### (Negligence against Uber)

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as if fully set out herein.

19. Uber had a duty to ensure that its drivers and vehicles were reasonably safe.

20. Upon information and belief, Uber breached this duty by failing to implement sufficient safety policies and standards for its drivers.

21. As a direct and proximate result of Uber's negligence, Plaintiff suffered damages.

## COUNT III
### (Vicarious Liability against Uber)

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set out herein.

23. At all times relevant hereto, Uber held itself out as a ride-for-hire service available to patrons through their application available for download on mobile phones or other electronic devices.

24. At all times relevant hereto, Chipman was an agent or employee of Uber and acting within the course of her agency or employment, under the direct control of Uber.

25. Uber is vicariously liable for Chipman' negligent acts that occurred within the course and scope of her employment with Uber.

## COUNT IV
### (Negligent Hiring, Training, Supervision, and Management against Uber)

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set out herein.

27. At all times relevant hereto, Chipman was acting within the scope of her employment with Uber.

28. Uber owed Plaintiff a duty of care in the hiring, training, supervision, and management of its drivers.

29. Uber breached this duty by negligently hiring, failing to sufficiently train, and failing to supervise and/or manage Chipman, which caused Chipman to operate a motor vehicle in a negligent manner.

30. Uber should have been aware of Chipman' unfitness to act as a driver for Uber.

31. As a direct and proximate result of this negligence, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount of damages to be determined at trial, including, *inter alia,* compensatory damages, together with interest, costs allowed by law and any other relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

4891-4018-1796, v. 1

Respectfully submitted,

Julie A. Reddy
By her Attorneys,

PANNONE LOPES DEVEREAUX & O'GARA LLC

*[signature]*

William P. Devereaux (#122220)
Matthew C. Reeber (#670667)
1301 Atwood Avenue, Suite 215N
Johnston, Rhode Island 02919
Tel: (401) 824-5100
Fax: (401) 825-5123
wdevereaux@pldolaw.com
mreeber@pldolaw.com

DATED: June 14, 2022

4891-4018-1796, v. 1